PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAYCO MANUFACTURING, Inc., *et al.*, | ) | CASE NO. 5:08CV00074 |
| Plaintiffs, | ) | |
| v. | ) | MAGISTRATE JUDGE PEARSON |
| DEUTZ CORPORATION, *et al.*, | ) | |
| Defendants. | ) | **MEMORANDUM OPINION AND ORDER** |

Pending before the Court are several discovery disputes (ECF Nos. 113, 115, and 117 ). This memorandum opinion and order addresses each of them.

### I. Procedural History[1]

On September 18, 2009, District Court Judge David D. Dowd ("Judge Dowd"), referred the matter to the undersigned Magistrate Judge to resolve discovery disputes in ECF Nos. 82 and 88. On October 7, 2009, the undersigned set a telephonic conference with the parties for October 15, 2009 at 1 p.m.  ECF No. 107.  On October 14, 2009, the parties filed a joint motion to continue the conference because " . . . the parties have agreed to a resolution in principle, but still have to address and resolve several issues and/or details . . . ."  ECF No. 108.  The parties preferred to work on the remaining issues among themselves and only involve the court if necessary.  ECF No. 108.  On the same day the undersigned denied the motion.  ECF No. 109.

---

[1] The following recitation of history refers to the several "notices" filed by the parties. Each comported with Local Rule 37.1 and Civil Rule 37 and are considered motions to compel although not captioned as such.

On October 15, 2009, the undersigned held a telephonic discovery dispute conference. At the close of the telephonic conference the parties agreed to jointly file a status report describing the status of the discovery disputes referenced in ECF Nos. 82 and 88 by close of business on October 23, 2009. Minutes of proceedings [non-document]. On October 23, 2009, the parties jointly filed a status report, in which they informed the court that they had resolved the issues among themselves. ECF No. 110.

On October 26, 2009, Judge Dowd, acknowledged that other discovery disputes may arise and referred all discovery disputes in the matter to the undersigned for resolution. ECF No. 111. On October 27, 2009, Judge Dowd issued an order modifying discovery and trial dates and advising the parties that "[w]hile the Court encourages mediation, there will be no further delay in the case management schedule to accommodate additional mediation." ECF No. 112.

On October 28, 2009, Defendant Deutz filed a notice of discovery dispute. ECF No. 113. The undersigned held a telephonic conference on November 4, 2009 to address that dispute. ECF No. 114; Minutes of Proceedings [non-document]. Also, on November 4, 2009, Plaintiff Rayco Manufacturing, Inc. ("Rayco") filed a Third Notice of Discovery Dispute, pursuant to Local Rule 37.1, requesting a "conference to address the discovery dispute between Rayco and defendants." ECF No. 115. The undersigned permitted "[d]efendants ten (10) days to respond to Rayco's Third Notice of Discovery Dispute, and to notify the Court of its satisfaction with Rayco's production to its Third Set of Requests for Production and its intention to seek sanctions." ECF No. 116.

On November 10, 2009, Plaintiff Fecon, Inc. filed a notice of discovery dispute entitled "Notice of Discovery Dispute (*Re-Notice*)."[2] ECF No. 117.

---

[2] Fecon had raised this dispute in the past. *See* ECF Nos. 63 and 67.

On November 16, 2009, Defendants Deutz Corporation and Deutz AG (collectively "Deutz" or Defendants) filed "Opposition to Plaintiff Rayco's Third Notice of Discovery Dispute." ECF No. 118.  On the same day Deutz also filed a status report and motion for an additional week to meet and confer with Rayco, regarding Deutz's notice of discovery dispute in ECF No. 113.  ECF No. 119.  On November 18, 2009, in a non-document order, the undersigned granted the motion for an additional week and scheduled a telephonic conference for November 24, 2009 at 4 p.m.  ECF No. 120.

On November 23, 2009, Rayco filed a "Reply to Deutz's Opposition to Rayco's Third Notice of Discovery Dispute" and Deutz responded to Fecon's Re-Notice of Discovery Dispute with Deutz Corporation.  ECF Nos. 121 and 122.

On November 24, 2009, the undersigned held a telephonic conference regarding all outstanding discovery disputes, ECF Nos. 113, 115, and 117.  Below is the memorialization of the rulings and/or agreements made during that telephonic conference.

## II. Deutz Corporation's Notice of Discovery Dispute (ECF No. 113)

On October 28, 2009, Defendant Deutz Corporation filed a notice of discovery dispute complaining that after several attempts to obtain written responses and/or documents that were initially due on September 7, 2009, six weeks later Rayco had still not provided the requested responses and/or documents to Deutz.  ECF No. 113.

During the November 4, 2009, telephonic conference, Deutz's counsel acknowledged that he had recently received several compact discs that contained what Rayco offered as responsive documents and answers.  Deutz's counsel, however, had not yet had the opportunity to fully review the documents before the telephonic conference and asked that counsel be allowed additional time to review the documents before informing the Court of whether Deutz was

satisfied with Rayco's production. Later, Deutz's counsel requested another week to review Rayco's production, which the undersigned granted. See ECF Nos. 119; Order [non-document] .

During the November 24, 2009, telephonic conference Deutz's counsel informed the undersigned that it was still reviewing Rayco's Production and noted that (so far) it had found a few minor items missing from Rayco's production. Despite Deutz's ongoing review, Deutz's counsel agreed to file a voluntary dismissal of its notice of discovery dispute without prejudice. Deutz's counsel believes the missing minor items may be resolved among the parties and, if necessary, Deutz will file a new notice of discovery dispute.

Accordingly, upon filing of Deutz's voluntary dismissal without prejudice, the Deutz's notice of discovery dispute (ECF No. 113) is resolved.

### III. Plaintiff Rayco's Third Notice of Discovery Dispute (ECF No. 115)

On November 4, 2009, Rayco filed a notice of discovery dispute espousing that, "[t]he dispute is over whether Rayco is entitled to the identity of Deutz customers who have purchased the same Deutz engine model at issue . . . in the same power configuration as Rayco." ECF No. 115 at 1.

In its opposition, Deutz countered that "Rayco's overly broad request for [] additional discovery, especially in light of what defendants already have provided, should be denied" because "Rayco has cited no authority demonstrating that it is entitled to discover the identities of a subset of defendants' customers to facilitate *ex parte* contacts with those customers, nor has Racyco demonstrated a need to do so." ECF No. 118 at 1 and 3. Rayco cited several cases in which the court prohibited contact with a defendants' customers because "the contacts would unnecessarily disrupt customer relations and harm defendants' business interests." ECF No. 118 at 4 (*citing Digecor, Inc. v. E.Digital Corp.*, No. 2:06CV437, 2008 WL 4335539, at *5 (D. Utah

Sept. 16, 2008); *Volkswagenwerk Aktiengesellschaft v. Westburg*, 260 F. Supp. 636, 637-38 (E.D. Pa. 1966); *Murata Mfg. Co., Ltd v. Bel Fuse Inc.*, No. 03CV2934, 2004 WL 1194740, at *6 (N.D. Ill. May 26, 2004).

In the alternative, pursuant to Fed. R. Civ. P. 269(c)(1)(B)-(D), Deutz suggested that any additional discovery be "appropriately restricted to protect defendants' business interests and relationships with its customers." ECF No. 118 at 1 and 5  (*citing Commodity Futures Trading Comm'n v. Rosenthal & Co.*, 74 F. R. d. 454, 456 (N.D. Ill. 1977) (ordering that plaintiff could only contact defendant's customers through court approved questionnaire); *Digecor*, 2008 WL 4335539 at *5-6 (ordering that defendant could only contact plaintiff's customers through court approved subpoenas)).

Specifically, Deutz requested that, at a minimum, "(1) Rayco should not be permitted to have informal, *ex parte* contacts with defendants' customers; (2) Rayco should be required to contact defendants' customers only through legal means by use of an appropriate subpoena; and (3) Rayco should be required to provide advance notice to defendants before serving any such subpoenas." ECF No. 118 at 5-6.

In its Reply, Rayco reiterated that the customer information sought is relevant to claims and defenses asserted in the case. ECF No. 121 at 2.  Rayco also pointed out that Deutz is essentially requesting a protective order.[3] ECF No. 121 at 4.  According to Rayco, "Deutz has failed to meet its burden of establishing entitlement to a protective order limiting Rayco's broad discovery rights under Rule 26." ECF No. 121 at 6.  And furthermore, "[b]ased on the Sixth Circuit decision in *Nemir*, there is absolutely no basis to limit Rayco's broad discovery rights

---

[3]  In the alternative, Deutz essentially suggested a protective order: "[t]he civil rules empower courts to limit the scope of discovery and/or place restrictions on how discovery may be conducted. Fed R. Civ. P. 26(c)(1)(B)-(D)." ECF No. 121 at 5.

under Rule 26." ECF No. 121 at 6.

Nemir v. Mitsubishi Motors Corp., 381 F. 3d 540 (6th Cir. 2004) is a Sixth Circuit case that is quite instructive and guides the undersigned's ruling in the instant matter, which requires a balancing of Rayco's entitlement to discovery of relevant information and Defendant's desire to avoid needless economic and, perhaps, reputational harm.  In *Nemir*, Plaintiff filed suit against Mitsubishi and its parent company Chrysler Corporation, "alleging that his seatbelt's failure to latch caused injuries that left him brain-damaged and paralyzed following a car accident." *Nemir*, 381 F.3d at 543.

First, in analyzing whether Plaintiff should be permitted to contact Mitsubishi customers that had similar issues with seatbelts that at times partially latch, the Sixth Circuit noted, Plaintiff "contends that the district court erred in prohibiting Nemir's counsel from unilaterally contacting any of Mitsubishi's complaining customers." *Id*. at 550.  The district court claimed that a protective order was necessary to protect s from "being unduly burdened and unfairly prejudiced" by Plaintiff's *ex parte* interview with its customers. *Id*. at 550.  Mitsubishi argued that the District Court's protective order "shield[ed] its customers from damaging innuendo about the safety of its products." *Id.*

The Sixth Circuit found that the district court "offered no relevant explanation of how Mitsubishi would be burdened or prejudiced by Nemir's interviewing these consumers, nor is one apparent." *Id*.  The Sixth Circuit distinguished the case law offered by Defendants (*Commodity Futures* and *Volkswagenwerk*).  Unlike *Nemir*, Plaintiffs in *Commodity Futures*, and *Volkswagenwerk* "demanded unfettered access to all of the defendant's customers." *Id*.  In *Nemir*, the customers Plaintiff sought to contact had already complained about seatbelt malfunctions.  Accordingly, the Sixth Circuit found that Mitsubishi and the district court's

concern of prejudice or burden were speculative, "and mere speculation is insufficient to warrant such stringent limits on pretrial investigation." Id. (citing Gottstein v. National Asso. For the Self Employed, 186 F.R.D. 654, 659 (D.Kan. 1999); Multi-Tech Systems v. Hayes Microcomputer Products, Inc., 800 F.Supp. 825 (D. Minn. 1992); Williams v. Chartwell Financial Services, Ltd., 204 F.3d 748 (7th Cir. 2000).

The Sixth Circuit next addressed whether or not *Nemir* should be permitted to interview Mitsubishi's complaining customers *ex parte*.  The Sixth Circuit found that the district court's protective order was too burdensome in that it required Nemir to coordinate each witness interview with Mitsubishi, "rob[ing] [Nemir] of the privacy of his attorney's trial preparation." Id. at 551.  And, "the general policy against invading the privacy of an attorney's course of preparation is so well recognized and so essential to an orderly working of our system of legal procedure that a burden rests on the one who would invade that privacy." Id. (citing Hickman v. Taylor, 329 U.S. 495, 512 (1947).  Ultimately, the Sixth Circuit found that Plaintiff "should have been permitted a reasonable opportunity to contact, free of the previous restrictions, the other consumers who filed complaints with Mitsubishi." Id. at 560.

In *Nemir*, Plaintiff requested contact with customers that he knew had an issue with partially latching seatbelts and so could be sure that contact with these customers would at most "serve[] as little more than a reminder of the seatbelt problems that the consumers themselves had perceived and articulated." Id. at 550.  The instant matter can be distinguished from *Nemir*, in that it is unclear whether any of the seven customers previously had issues with the Deutz engines.  This information can only be provided by Defendants, and to date Defendants have refused to provide any information pertinent to the identities of the seven customers. Nevertheless, in most cases, "the key issue often is not whether the information will be disclosed,

but under what conditions it should be disclosed." Asch/Grossbardt Inc. v. Asher Jewelry Co., Inc., 2003 WL 660833 *3 (S.D.N.Y. Feb. 28, 2003) (citing Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc., 200 F.R.D. 255, 260 (M.D.N.C. 2001).

After reviewing the pleadings and pertinent case law, the undersigned finds that the identities of the seven customers that purchased the Tier 2 engine in the same configuration as Rayco should be disclosed to Rayco because that information is relevant to claims and defenses asserted in the case.[4] Because Duetz has not articulated circumstances or legal authority that persuades the undersigned to deprive Rayco of "the privacy of [its] attorney's trial preparation," Rayco may initially contact the seven customers *ex parte* by means of court-approved written inquiries attached to a subpoena.[5]

Defendants are not prohibited from contacting these seven customers with regard to the instant matter, however, Defendants must not direct or limit the responses of its customers in any way or impede the discovery process in any way. Furthermore, Rayco's contact with the seven customers is not limited to the forthcoming written inquiries; Rayco may propound more discovery in the same or other court-approved manner, if later deemed necessary.

Defendants must submit the identities of the seven customers to Rayco within 14 days of the filing of this Order. Rayco must submit its proposed written inquires to the undersigned

---

[4] In its Reply Rayco aptly noted, "Defendants assert as a defense that the engines sold to Rayco have experienced a higher failure rate than that experienced by their other customers and that Rayco's customers have misused the engines. The only way to test this defense is to discover what problems, if any, Deutz's customers have had with the same engine that was sold to Rayco, and whether Deutz imposed limits on the engines sold to its other customers." ECF No. 121 at 1.

[5] As noted in the November 24, 2009, telephonic conference, the undersigned will not dictate how the written inquiries are presented (*i.e.* via interrogatories or questionnaires). Of course, the undersigned and presumably Plaintiffs, do not know whether the seven customers are within the Court's subpoena power.

within one week of the filing of this order for an *ex parte in camera* review.

### IV. Intervener Plaintiff Fecon's Re-Notice of Discovery Dispute With Deutz Corporation (ECF No. 117)

On November 10, 2009, Fecon filed a "re-notice" of discovery dispute. ECF No. 117. Fecon first noticed this discovery dispute last spring (ECF Nos. 63 and 67) and further raised it in a motion for sanctions (ECF No. 83). ECF No. 117 at 1.

According to Fecon, the dispute is whether Fecon is entitled to Deutz Corporation's board minutes.[6] ECF No. 117 at 1. Fecon claims that the board minutes are relevant to its theories of personal jurisdiction and that, should Deutz raise the personal jurisdiction issue during trial, the information contained in the board minutes regarding U.S. sales and marketing of Deutz engines, would be relevant. ECF No. 117 at 2. The undersigned notes that several times during various telephonic conferences, Fecon offered to stop pursuing the Deutz Corporation board minutes if Deutz AG agrees not to resurrect the personal jurisdiction defense. As Deutz AG has not agreed to waive the personal jurisdiction issue, Fecon has continued to pursue the board minutes.[7] Both are well within their litigative rights.

Deutz contends that opportunities for personal jurisdiction discovery has ended, although the discovery cut-off date is April 30, 2010. Deutz claims that " Judge Dowd's Order [ECF No.

---

[6] Fecon is interested in obtaining, " . . . all pertinent Board minutes and agendas from 2004 to the present (or related items from Deutz [Corportion] even if they are nominally known by other terms) referencing details, plans and strategies relating to sales and marketing to the U.S., or referencing Fecon or Rayco (except to the extent of privileged items related to legal proceedings which started in 2008)." ECF No. 67 at 3.

[7] The parties confirmed that corporate board minutes (or similar documents) have been produced for Deutz AG but not Deutz Corporation - a U.S. corporation. Fecon maintains that although there is no dispute as to the Court's jurisdiction over Duetz Corporation, it believes that Deutz Corporation's board minutes may assist in defending against any personal jurisdiction arguments that Deutz AG may resurrect.

92] clearly contemplated an end to personal jurisdiction discovery and a prompt adjudication of that issue (which has occurred) so the parties could focus on the merits." Furthermore, Deutz contends it has "produced all excerpts from their board minutes relating to Rayco, Fecon, and issues directly related to this lawsuit," and that the remaining minutes are not relevant to the instant matter. ECF No. 122 at 2.

The undersigned finds that a review of the record indicates that (1) personal jurisdiction remains a live issue, (2) personal jurisdiction discovery, like all fact discovery, is still open, and (3) Deutz must either concede personal jurisdiction or produce all Deutz Corporation board minutes related to U.S. sales and marketing.

If Deutz chooses to produce the board minutes they may be produced in accordance with the ongoing protective order. Deutz must submit the board minutes to Fecon within 14 days of the filing of this order.

Upon production of the board minutes, ECF Nos. 63 and 67 and 117 shall be deemed resolved.

## V.  Conclusion

Based upon the foregoing, the noticed discovery disputes are resolved (ECF Nos. 113, 115, and 117) and the attendant motions to compel discovery (ECF Nos.115, and 117) are hereby GRANTED. The matter noticed in ECF No. 113 will be considered moot, pursuant to Deutz's plans to withdraw described above.


    IT IS SO ORDERED.


  November 25, 2009                    /s/ Benita Y. Pearson
Date                                        United States Magistrate Judge