PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAYCO MANUFACTURING, INC., | ) | CASE NO. 5:08CV74 |
| Plaintiffs, | ) | |
| v. | ) | MAGISTRATE JUDGE PEARSON |
| DEUTZ CORPORATION, et al., | ) | |
| Defendants. | ) | **MEMORANDUM OPINION AND ORDER** (Resolving ECF No. 124) |

Pending before the Court is Plaintiff Rayco Manufacturing Inc.'s ("Rayco") Motion For Leave to Take More Than (10) Ten Depositions, pursuant to Fed.R.Civ.Pro. Rule 30 (ECF No. 124).[1] This memorandum opinion and order addresses ECF No. 124.

On December 4, 2009, Plaintiff Rayco sought permission "to take more than ten (10) depositions collectively in this case notwithstanding the (10) ten depositions per side limit in Fed.R.Civ.Pro. 30(a)(2)." ECF No. 124 at 1.

Rayco seeks leave,

> consistent with Rule 26 and Rule 30 to take: (1) the depositions of the seven (7) specifically identified employees of Deutz AG – all of whom reside in Europe, and (2) the Rule 30(b)(6) depositions of Deutz AG – to the extent that any person designated by Deutz AG is not included in the seven identified individuals. Moreover, in the future . . . approximately five (5) of Rayco's and/or Fecon's out of

[1] This pleading was initially docketed as Rayco's Fourth Notice of Discovery Dispute (ECF No. 124). By agreement of the parties the pleading is correctly described as a motion for leave.

> state end-user customers, as well as some of Deutz's other OEM customers and Deutz's experts.

ECF No. 124 at 16. Essentially, Rayco possibly seeks leave to take approximately 20 depositions in addition to the 10 permitted by Rule 30. The exact number of additional depositions sought is not clear. That lack of clarity is part of the problem with Rayco's request.

Rayco asserts that the Court should permit Rayco to depose more than 10 witnesses because: (1) pursuant to 30(a)(2) the undersigned has discretion to permit more than 10 depositions, and (2) Deutz's objections lack merit. ECF No. 124 at 8 & 13.

Deutz objects and details the following:

> • Rayco's request is premature given that Rayco is still allotted two more depositions by rule.
>
> • Rayco refused to compromise with Deutz on the number of additional depositions.
>
> • Rayco failed to make a "particularized showing" as to why depositions beyond the limit imposed by Rule 30 are necessary. Rayco's descriptions of topics are "filled with conclusory assumptions and read more like a wish list than the particularized showing that is required."
>
> • Rayco is not "entitled to depose every individual listed in a [defendant's] disclosures as potentially having relevant information." *Medcorp., Inc. v. Pinpoint Technologies, Inc.*, 2009 WL 1049758 at *6 (D. Colo. April 20, 2009).
>
> • Rayco mistakenly focuses on the amount in controversy as justification to take more depositions than permitted.

ECF No. 127. Should the undersigned permit Rayco more than (10) ten depositions, Deutz asks to be permitted to take an additional 2-3 fact witness depositions. ECF No. 127 at 6.

In order to take more than 10 ten depositions, a party must obtain a stipulation or court order. Rule 30 provides:

(5:08CV74)

> Rule 30(a) (2)(A), Fed.R.Civ.P., provides that a party must obtain leave of court if it wishes to conduct more than ten depositions. Such leave "shall be granted to the extent consistent with the principles stated in Rule 26(b)(2)." Fed.R.Civ.P. 30(a)(2). Rule 26(b)(2) directs the Court to consider such factors as the burdensomeness and expense of the discovery compared to its likely benefit, whether the party has had ample opportunity to obtain the information sought, and whether the discovery sought is unreasonably cumulative or duplicative. Courts generally require a particularized showing of necessity from the party requesting additional depositions for each additional deposition. *See Lewis v. Mt. Morris Twp.*, 2007 WL 2902890 (E.D.Mich. Sept.28, 2007).

*Visteon Corp. v. Nat. Union Fire Ins. Co. of Pittsburgh, PA.*, 2008 WL 251985 (E.D. Mich January 30, 2008).[2]

Having considered Rayco's explanation for its request, Deutz's objections, the relevant portions of the record, and assignment of the case to the standard track[3] without any objection by Rayco, the Court finds that Rayco's request is at worst not justified and at best premature. An assignment to the standard track does not impose mandatory limits on the number of depositions, but it does, however, impose guidelines that should not be ignored without justification. Rayco's motion is not based upon a particularized showing as it depends upon a contingency – most

---

[2] Rule 26(b)(2)(C)(i) -(iii) specifically requires that the court limit the discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain information bydiscovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs is likely benefit considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

[3] The Standard Track permits (10) ten fact witness depositions. LR 16.2(b)(2)

notably whom Deutz designates as its Rule 30 (b)(6) representatives. Accordingly, Rayco's motion for leave to depose greater than 10 witnesses is DENIED.

IT IS SO ORDERED.

December 10, 2009
Date

/s/ Benita Y. Pearson
United States Magistrate Judge