DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAYCO  MANUFACTURING, INC., et al., | ) | CASE NO. 5:08 CV 00074 |
| Plaintiffs, | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER |
| DEUTZ CORPORATION, et al., | ) | |
| Defendants. | ) | |

This case has become embroiled in several discovery disputes, all of which the Court referred to Magistrate Judge Pearson on September 18, 2009.  ECF 105.  On December 10, 2009, Judge Pearson resolved the latest dispute (ECF 124) [1] by Memorandum Opinion and Order denying the motion of the Plaintiff Rayco Manufacturing, Inc. ("Rayco") to exceed the presumptive ten-per-side deposition limit found in Rule 30(a)(2).  ECF 128.  On December 28, 2009, Rayco filed Objections to the Magistrate Judge's Order.  ECF 129.  On January 6, 2010, the Defendants Deutz Corporation ("Deutz USA") and Deutz AG filed a Memorandum in Opposition to the Objections.  ECF 130.

For the reasons that follow, the Court concurs with Judge Pearson that Rayco's motion was prematurely filed.  The Court will accordingly overrule Rayco's Objections (ECF 129) and affirm Judge Pearson's Order (ECF 128) with the understanding that Rayco shall be permitted to re-file its motion, if necessary, after Deutz AG complies with the terms of this Order as set forth

---

[1] ECF 124 was docketed as "Rayco's Fourth Notice of Discovery Dispute" but, as Judge Pearson has noted, the parties have agreed that it is correctly described as a motion for leave to take more than ten depositions.  See ECF 128 at p. 1 fn. 1.

(5:08 CV 74)

below; and after Rayco has had the opportunity to conduct discovery of seven recently identified Deutz USA customers sufficient to enable Rayco to be more specific as to which of those witnesses it needs to depose.

The Court will first address Rayco's Objections.  The Court will then address the outstanding motions for sanctions and attorney fees.

### I.  Rayco's Objections to Magistrate's Order (ECF 129)

Rayco thus far has taken a total of eight fact discovery depositions.  All eight were taken of employees of Deutz USA.  Rayco anticipates it will need leave to take more than two additional depositions, and thus it sought leave to depose five categories of witnesses as follows:

1. Five employees of Deutz AG, all of whom reside in Europe and all of whom were identified by Deutz AG in its Answers to Interrogatories as having "some knowledge concerning the claims and relevant issues in this case." [2]

2. The Rule 30(b)(6) deposition of Deutz AG to the extent that any person designated by Deutz AG as a Rule 30(b)(6) witness is not included amongst the five persons already identified in Item 1 above.

3. Depending on the results of discovery to be directed towards seven of Deutz's customers (which Deutz USA recently identified pursuant to Magistrate Judge Pearson's Order entered November 25, 2009 (ECF 123)), some or all of those customers.

4. Depending on discovery, up to five of Rayco's and/or Fecon's customers residing outside of Ohio.

5. The experts designated to testify at trial.

---

[2] Rayco explains that seven Deutz AG employees were actually identified, but two of them are no longer employed by, or under the control of, Deutz AG.  Thus the number is down to five Deutz AG employees.

(5:08 CV 74)

The Court will address each category in turn, and will address the first two categories together since they are related.

**1.      The Five Deutz AG Employees Identified by Deutz AG in its Answers to Interrogatories; and**

**2.      The Rule 30(b)(6) Deposition of Deutz AG:**

Rayco notes that Deutz AG identified the same five employees in answering interrogatories asking it to identify persons having knowledge of 23 separate topics relating to the subject engines as well as those having knowledge of the investigation into the engine failures and the causes of those engine failures.  According to Rayco, Deutz AG refused to specify the particular topics as to which each of the five witnesses had knowledge.  *See* ECF 129 at p. 5.

Rayco also notes that Deutz AG has not yet designated its Rule 30(b)(6) representative(s) and thus Rayco does not yet know which of those five persons, if any, will be designated as a Rule 30(b)(6) representative.  To the extent any of them are not so designated, Rayco seeks leave to depose them.

The Court concurs with Magistrate Judge Pearson that Rayco's motion for leave in this regard is premature.  If, for example,  Deutz AG designates all five of its identified employees as Rule 30(b)(6) representatives, Rayco may depose all five without leave of Court and it will only count as one deposition (*i.e.,* the corporate deposition of Deutz AG), which means that Rayco will have deposed only nine witnesses after conducting the 30(b)(6) depositions.  However, Rayco's dilemma, causing it to seek leave prematurely, arises to some degree from its having

3

(5:08 CV 74)

insufficient information to enable it to determine precisely which witnesses it will need to depose.

For example, since Deutz AG did not specify the topics as to which each of its five identified employees has knowledge, Rayco cannot discover what each witness knows about the 23 or more identified topics without deposing each of the five witnesses. For another example, since Deutz AG has not yet designated its Rule 30(b)(6) representative(s), Rayco does not know if Deutz AG will so designate any or all of the five Deutz AG employees already identified in the Answers to Interrogatories. Supposing Deutz AG designates only two of the five identified employees as 30(b)(6) representatives, Rayco understandably does not want to be in the position of traveling to Europe to depose the two Rule 30(b)(6) witnesses; coming back home to seek leave to depose the remaining three Deutz AG employees; and then (assuming leave would be granted) having to fly back to Europe to conduct more depositions.

This problem may be resolved by Deutz AG providing further information to Rayco. Accordingly, the Court will order Deutz AG to accomplish the following by 12:00 Noon on January 22, 2010:

1. With respect to each of the five Deutz AG employee witnesses identified in its Answers to Interrogatories, specify as to which of the 23 or more topics identified by Rayco such witness has knowledge.

2. Designate its Rule 30(b)(6) representative(s) and set out specifically the matters on which each person so designated will testify.

At that point, Rayco will presumably be informed enough to know whether or not it needs to re-file a motion for leave to depose additional Deutz AG witnesses.

4

(5:08 CV 74)

3.      **Some or All of the Seven Deutz Customers Identified Pursuant to ECF 123:**

Once again, the Court concludes that Rayco's motion for leave in this regard is premature.  Rayco may re-file its motion after obtaining documents from Deutz's customers to determine whether or not Rayco needs to depose any of them.

4.      **Depending on Discovery, up to Five of Rayco's and/or Fecon's Customers Residing Outside of Ohio:**

With respect to the Rayco/Fecon customers residing outside Ohio, Rayco first notes that this "end-user" customer testimony is necessary to demonstrate that the engine problems at issue were not caused by customer misuse as contended by defendants.  Rayco then states:

> Further, it should be considered that the vast majority of Rayco's and Fecon's end-user customers are located outside the state of Ohio.  As a result, the only way their testimony can be obtained and presented at trial is by deposition.
>
> Accordingly, there is ample justification for granting Rayco (and Fecon) leave to take the depositions of their end user customers (up to five) regardless of the presumptive limit of ten total depositions.

ECF 129 at p. 13.

The language above leaves the Court uncertain as to what type(s) of depositions Rayco intends to take of its end-user customers.  In other words, the Court cannot determine whether Rayco intends to take discovery depositions, trial depositions, or both.  Since Rayco filed (albeit prematurely) a motion for leave to exceed the ten-per-side deposition limit as to these customers, it appears that Rayco's intent might be to take fact discovery depositions, in which case Rayco will of course need to re-file its motion after obtaining discovery sufficient to enable it to identify specifically which customers it needs to depose.  On the other hand, since Rayco makes

5

(5:08 CV 74)

it a point to submit that most of its customers are located outside the state of Ohio so that "the only way their testimony can be obtained and presented at trial is by deposition," it appears that Rayco's intent might be to take trial depositions since the customers are beyond the Court's subpoena power and are thus "unavailable" within the meaning of Rule 32(a)(4)(D). Or perhaps Rayco intends to take discovery depositions first, and then to proceed with trial depositions.

Trial depositions (also known as "preservation depositions" or "*de bene esse* depositions") are not treated as part of the discovery process to which the Rule 30(a)(2)(A)(i) ten-per-side deposition limit applies. *See, e.g., Bouygues Telecom, S.A. v. Tekelec, Inc.,* 238 F.R.D. 413 (E.D. North Carolina 2006); *EEOC v. Beauty Enterprises, Inc.,* 2008 WL 3892203 (D. Connecticut 2008). *See also, Burket v. Hyman Lippitt, P.C.,* 2008 WL 1741875 at *3 (E.D. Mich. 2008) (court's discovery cut-off order had "nothing to do with *de bene esse* depositions").

Accordingly, depending upon the purpose (or purposes) of the end-user customer depositions (*i.e.,* whether Rayco intends to take discovery depositions, trial depositions, or both), the taking of such depositions may or may not be an appropriate subject of a re-filed motion for leave to exceed the presumptive ten-per-side discovery deposition limit set forth in Rule 30(a)(2)(A)(i).

**5.     The Experts Designated to Testify at Trial:**

Expert witness depositions do not count towards the ten-per-side deposition limit of Rule 30(a)(2)(A)(i); and the Deutz defendants have conceded as much. *See* ECF 130 at p. 3 fn. 2. Accordingly, Rayco does not need leave of Court to depose the designated experts.

6

(5:08 CV 74)

## II.  The Outstanding Motions for Sanctions and Attorney Fees

The Court will now address three outstanding motions for sanctions and attorney fees which the Court previously deferred ruling upon by Orders entered June 22, 2009 (ECF 92) and September 18, 2009 (ECF 105), to wit:  Rayco's motion for sanctions filed June 8, 2009 (ECF 77); Fecon's motion for sanctions filed June 12, 2009 (ECF 83); and Deutz USA's motion for an award of attorney fees and expenses filed June 15, 2009 (ECF 84).  All three motions ensued from one or more of the many discovery disputes in this case.  While the Court regrets that the parties did not manage to come to terms about so many discovery issues, the Court does not find that the conduct of any party has thus far fallen to the level of conduct warranting sanctions.  The three motions (ECF 77, ECF 83, and ECF 84) will therefore be denied.

In addition to the three motions just addressed, the Court notes that in the last sentence of Rayco's Third Notice of Discovery Dispute filed November 4, 2009 (ECF 115), Rayco has claimed entitlement to fees and costs relating to the filing of the said Notice.  To the extent that sentence can be construed as a motion for sanctions, the Court finds the motion to be without merit and it is denied.

## III.  Conclusion

For the reasons set forth above, the Court rules as follows:

1. Plaintiff Rayco's Objections (ECF 129) are overruled; and the Magistrate Judge's Memorandum Opinion and Order filed December 10, 2009 (ECF 128) is affirmed with the understanding that Rayco shall be permitted to re-file its motion for leave to take more than ten depositions, if necessary, after Deutz AG has provided further information to plaintiffs as set forth below in this Order; and after Rayco has had the opportunity to discover documents sufficient to enable Rayco to be more specific as to which Deutz customers and which Rayco/Fecon customers it needs to depose as part of the discovery process.

(5:08 CV 74)

2. Deutz AG shall accomplish the following by 12:00 Noon on January 22, 2010:

   a. With respect to each of the five Deutz AG employee witnesses identified in its Answers to Interrogatories, specify as to which of the 23 or more topics identified by Rayco such witness has knowledge.

   b. Designate its Rule 30(b)(6) representative(s) and set out specifically the matters on which each person so designated will testify.

3. Rayco's motion for sanctions filed June 8, 2009 (ECF 77); Fecon's motion for sanctions filed June 12, 2009 (ECF 83); and Deutz USA's motion for an award of attorney fees and expenses filed June 15, 2009 (ECF 84), are denied.

4. To the extent that the last sentence of Rayco's Third Notice of Discovery Dispute filed November 4, 2009 (ECF 115) can be construed as a motion for sanctions, the motion is denied.

The Court reminds the parties that, absent extraordinary circumstances, the Court intends to adhere to the case management schedule set forth in its Order filed October 27, 2009 (ECF 112). The parties are encouraged to review ECF 112 and to recognize that the April 30th fact discovery cut-off date is fast approaching.

Lastly, the parties engaged in private mediation at an earlier stage in these proceedings and the case could not be successfully resolved at that time.  However, the parties have now conducted a substantial amount of discovery and, if all parties wish to again pursue mediation in an effort to resolve this matter, they should so notify the Court.

IT IS SO ORDERED.

| January 14, 2010 | *s/ David D. Dowd, Jr.* |
|---|---|
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |