DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Rayco Manufacturing, Inc., et al., ) | |
| ) | CASE NO. 5:08 CV 74 |
| Plaintiffs, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION AND |
| ) | ORDER |
| Deutz Corportation, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

In this case, plaintiff Rayco Manufacturing, Inc. (Rayco) and intervening plaintiff Fecon, Inc. (Fecon), claim that the Deutz defendants' engines in equipment that plaintiffs designed, manufactured and/or sold for use in the tree and landscape industry, failed when used for that purpose. Plaintiff and intervening plaintiff (collectively, plaintiffs) allege in their separate complaints that these engine failures constitute a breach of contract, breach of express warranty, breach of implied warranty for fitness of a particular purpose, breach of implied warranty of merchantability, negligence, negligent misrepresentation, and fraud. See ECF 5 and 48. The Deutz defendants jointly moved for summary judgment against plaintiff Rayco (ECF138) and intervening plaintiff Fecon (ECF 142). The primary issue in defendants' motions for summary judgment is the issue of causation of the engine failures.

(5:08 CV 74)

The parties have fully briefed defendants' motions and the Court heard oral argument on the motions on September 30, 2010.  Subsequent to oral argument, the parties filed post-hearing briefs[1] and submitted supplemental information requested by the Court.[2]

For the reasons contained herein, the Court DENIES IN PART the DEUTZ defendants' motions for summary judgment against Rayco and Fecon with respect to the engines which were the subject of the deposition testimony of Aaron Wade Taylor, Thomas Cole, John Orban, and John Dukes.  The Court defers its ruling on the Deutz defendants' motions for summary judgment with respect to all other Deutz engines which are the subject of Rayco's and Fecon's complaints.

## I.  FACTUAL SUMMARY

A. <u>Rayco</u>

Plaintiff Rayco, an Ohio corporation located in Wooster, Ohio, manufactures and sells specialized equipment for the landscape and forestry industries, including different types of tractor crawlers.  Rayco does not manufacture engines.  As a result, Rayco purchases engines to power the equipment it manufactures.

Rayco purchased diesel engines manufactured by defendant Deutz AG and sold through defendant Deutz Corporation for approximately 20 years. The transactions giving rise to this suit began in late 2001, when Rayco began purchasing defendants' 82 hp BF4M1011F engine (hereafter the "1011 engine") for use in Rayco's C85 Series crawlers. Through early 2004,

---

[1] ECF 158, 170, 171, and 179.

[2] ECF 163, 164, 165, 166 and 167.

(5:08 CV 74)

Rayco purchased a total of 131 of the 1011 engines for use in its C85 Series crawlers. Rayco experienced no significant problems with the 1011 engines in the C85 applications.

In early 2004, defendants discontinued their 1011 engines and replaced them with the 87 hp BF4M2011 engine (hereafter the "2011 engine") to meet federal EPA Tier 2 emission standards. Rayco discontinued manufacturing its C85 Series crawlers and began producing its C87 Series crawlers powered by the Deutz 2011 engines. The C87 crawlers were built with steel tracks for use in rugged terrain. According to Rayco, the Deutz defendants were involved in the selection of the 2011 engine for use in the C87 crawlers. One of the C87's applications was as a forestry mower. Forestry mowers are used for land clearing and commercial vegetation control, and for cutting and mulching vegetation in difficult terrain. The Rayco literature regarding the C87's forestry mower application provided that the machine could be used to mulch trees 4-6 inches in diameter.

Rayco purchased 551of the 2011 engines for use in the C87 crawlers. Of those, 468 of the 2011 engines complied with EPA's Tier 2 emission standards. In late 2004 and early 2005, Rayco received reports that a number of C87 Tier 2 2011 engines failed due to overheating. Between December 2004 through late 2008, approximately 117 of 468 of the 2011 Tier 2 engines installed in C87 crawlers failed.

Defendant Deutz often replaced the failed engines under warranty with the same Deutz engine. Some C87 operators and owners also experienced failures of the replacement engines.

3

(5:08 CV 74)

B.    <u>Fecon</u>

Fecon is an Ohio corporation, located near Cincinnati, engaged in the business of designing, manufacturing, and selling specialized equipment for commercial vegetation control, land clearing, and the special needs of the tree and landscape industry.  At issue here is a Fecon tractor or crawler known as the FTX90.  Fecon purchased all of its FTX90 crawlers from Rayco.  Fecon's FTX90 has the same Deutz engine, the 2011 engine, as does Rayco's C87 crawler.  The FTX90 is the same machine as the C87 that is sold by Rayco to other customers, except that the FTX90 is painted red while the C87 is painted yellow.

Both the FTX90 and C87 are used as forestry mowers.  As a forestry mower, the machine is used to clear vegetation through use of a mulching attachment.

Fecon sold 170 FTX90s between 2004 and 2008.  Of the 170 machines sold, approximately one-third of the FTX90s experienced engine failure or substantial engine problems.  Deutz often replaced the failed engines under warranty, but like Rayco customers, dome of Fecon's customers also experienced failures in the replacement engines.

After experiencing multiple failures of the Deutz 2011 engine in both the C87 and FTX90, Rayco's and Fecon's customers no longer wanted Deutz engines.  Fecon and Rayco ultimately replaced the engines in their machines with engines from a different manufacturer.

C.    <u>Deutz Engine Failures</u>

Plaintiffs' expert report reflects that he examined a number of the failed engines and the failures observed - melted pistons and scored cylinders - are the "result of overheating."  Deutz's warranty claim forms for failed engines from the C87 and FTX90 reflects scored and melted

(5:08 CV 74)

pistons, and overheating.  Basically, the problems with the Deutz engines resulted from overheating.

However, the parties dispute the cause of the overheating.  Rayco and Fecon argue that the engines overheated because the engines are defective, and that those defects include slow acting temperature sensor switches, improperly located temperature sensor switches, undersized oil outlets, and clogged external coolers.  Deutz argues that the engines overheated because of improper use and /or abuse, or other causes.  Specifically, Deutz contends that the engines were overloaded and operated at too low of engine speeds for too long, causing the engines to overfuel and resulting in a rapid build up of heat that can damage an engine to the point of failure.

However, Rayco and Fecon cite the deposition testimony of Aaron Wade Taylor, Thomas Cole, John Orban, and John Dukes, who personally used the machines and were operating the machines when the engines failed, to support their argument that the Deutz engines failed even when the engines were not improperly used, but were operated within the parameters intended for the C87 and the FTX90.  Construing the facts in a light most favorable to the plaintiffs respect to these particular failed engines, plaintiffs have placed material facts in dispute as to whether the overheating and failure of these engines occurred as a result of a defect, or other causes such as overuse or abuse.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 . When considering a motion for summary judgment, "the inferences to be drawn from the

(5:08 CV 74)

underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." U.S. v. *Diebold, Inc.*, 369 U.S. 654, 655 (1962).  However, the adverse party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

"[T]he threshold inquiry [is] whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby*, 477 U.S. at 250. Therefore, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52. *See also Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 578 (6th Cir. 2003) ("[t]he conflicting proof and the inferences that can be drawn therefrom raise genuine issues of material fact that preclude the grant of summary judgment").

### III.  ANALYSIS AND CONCLUSION

When considering a motion for summary judgment, the Court must construe all reasonable inferences in favor of the non-moving party. The central question is whether the evidence is so one-sided that the moving party must prevail as a matter of law, or whether the evidence presents sufficient disagreement so as to require submission to a fact-finder.

The Court has carefully reviewed the parties' briefs and submissions both in support of and in opposition to defendants' motions for summary judgment. When construing the evidence in the light most favorable to the plaintiffs, the Court finds that there are genuine issues of

6

(5:08 CV 74)

material fact in dispute regarding the cause of the engine failures in the C87 or FTX90 machines that were personally used and operated by Aaron Wade Taylor, Thomas Cole, John Orban, and John Dukes. The cause of the overheating of these engines is disputed by the parties, and the Court concludes that the evidence is not so one-sided that the defendants must prevail as a matter of law. The conflicting proof and inferences raise genuine issues of material fact that can only be resolved by a finder of fact because those factual issues may reasonably be resolved in favor of either party. *Anderson v. Liberty Lobby,* 477 U.S. at 250.

Accordingly, defendants' motion for summary judgment is DENIED IN PART. The Deutz defendants' motions for summary judgment against Rayco and Fecon are denied with respect to the engines identified in the deposition testimony of Aaron Wade Taylor, Thomas Cole, John Orban, and John Dukes, who personally used the machines and were operating the machines when the Deutz engines failed. This case will proceed to trial on all of plaintiffs' claims only with respect to these engines.

As to all of the other failed engines which are the subject of this lawsuit, the Court defers ruling on defendants' motions for summary judgment at this time.

## IV. PROCEDURE FOR TRIAL

This case shall proceed to trial on the limited basis described above on standby basis for the two-week period beginning November 15, 2010. At this time, the Court has two criminal cases scheduled to commence trial on November 15, 2010. If those criminal cases proceed to trial, then the Court will impanel the jury for this case immediately after the impanelment of the juries for the criminal cases. The trial in this case will then commence upon the conclusion of

(5:08 CV 74)

the criminal trials.  If the criminal cases do not proceed to trial, then the Court will both impanel the jury and commence the trial of this case on November 15, 2010.  The Court will apprise counsel as information develops regarding the status of the criminal cases.

Further, the Court intends allocate a specific amount of time to the plaintiffs (both Rayco and Fecon together) and defendants (both Deutz and Deutz AG together) to try this case on the limited basis described herein.  The time that will be allocated to each side excludes opening statements and closing arguments, but includes direct and cross examination.  No later than Friday, October 22, 2010, counsel plaintiffs and defendants should advise the Court how much time in minutes they calculate will be needed to present their respective evidence in this case.

Lastly, trial briefs, including proposed jury instructions and interrogatories, must be filed by 4:00 p.m. on November 5, 2010.

IT IS SO ORDERED.

| October 19, 2010 | *s/ David D. Dowd, Jr.* |
|---|---|
| Date | David D. Dowd, Jr. |
|  | U.S. District Judge |